UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VAN HOOK,<br><br>　　　　　　Defendant. | CASE NO. 3:16-CV-05785-RBL-DWC<br><br>ORDER |

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Richard Roy Scott, a civil detainee proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action on September 6, 2016. *See* Dkt. 1. Presently before the Court are Plaintiff's "Motion for Leave to Conduct Discovery of Defendant Hook Motion for TRO" ("Motion for Discovery") and "Motion for Expert Funding and Special Master or Standby Lawyer" ("Motion for Special Master"). Dkt. 8, 10.[1] After review of the record, the Motion for Discovery and Motion for Special Master are denied.

I.     **Motion for Discovery (Dkt. 8)**

On September 30, 2016, Plaintiff signed –effectively filing– the Motion for Discovery. Dkt. 8. Plaintiff requests (1) the case management orders be withdrawn and (2) permission to

---

[1] Plaintiff requests injunctive relief in the Motion for Discovery. Dkt. 8. The requests for injunctive relief will be addressed in a separately filed Report and Recommendation.

ORDER - 1

engage in discovery. *Id*. Plaintiff states his trial is in December and he needs to conduct discovery. *Id*.

### A. Case Management Orders

Plaintiff is a vexatious litigator. The Court has entered several orders restricting Plaintiff's ability to file IFP actions in the Western District of Washington. *See* Attachments.[2] Plaintiff asks for these orders to be lifted. Dkt. 8. Plaintiff has provided no explanation for why the orders should be lifted or how these orders are interfering with his ability to litigate this action. He was granted leave to proceed IFP and his Complaint was served. *See* Dkt. 2, 6. Accordingly, Plaintiff's request to have the case management orders withdrawn is denied.

### B. Discovery

Pursuant to the case management orders, Plaintiff may not engage in discovery without leave of court. *See* Attachment 2. Plaintiff also "may not file any pleadings requesting any type of relief until such time as the Complaint has been filed and a Notice of Appearance has been timely filed on behalf of all the named defendants." Attachment 1.

Plaintiff initiated this case on September 6, 2016. Dkt. 1. The Court directed service of the Complaint on September 21, 2016. Dkt. 6. Plaintiff filed the Motion for Discovery on September 30, 2016. Dkt. 8. Defendant's counsel filed a timely Notice of Appearance on behalf of Defendant on October 6, 2016, Dkt. 9, and Defendant has until November 21, 2016 to file an answer or other responsive pleading. *See* Dkt. 7.

Plaintiff filed the Motion for Discovery prior to the Notice of Appearance in violation of the 2004 Case Management Order. *See* Dkt. 12-2. Additionally, Plaintiff is attempting to engage

---

[2] Attached to this Order are the three case management orders. Attachment 1 is the December 2004 case management order, Attachment 2 is the April 2005 case management order, and Attachment 3 is the March 2007 case management order.

1  in discovery prior to the deadline for Defendant to file an answer or other responsive pleading.

2  While Plaintiff contends his trial is set for December, there are currently no pre-trial or trial dates

3  scheduled in this case.[3] For the above stated reasons, Plaintiff's Motion for Discovery is denied.

4  **II.  Motion for Special Master (Dkt. 10)**

5  On October 1, 2016, Plaintiff signed –effectively filing– the Motion for Special Master,

6  wherein he requests appointment of a special master and standby counsel. Dkt. 10. As discussed

7  above, Plaintiff "may not file any pleadings requesting any type of relief until such time as the

8  Complaint has been filed and a Notice of Appearance has been timely filed on behalf of all the

9  named defendants." Attachment 1. As counsel for Defendant did not file his Notice of

10  Appearance until October 6, 2016, Plaintiff's Motion for Special Master violates the 2004 Case

11  Management Order. *See id.* Accordingly, Plaintiff's Motion for Special Master is denied.

12  Dated this 15th day of November, 2016.

David W. Christel
United States Magistrate Judge

---

[3] The Court notes a separate case which alleges constitutional violations arising from the potable water at the Special Commitment Center was set for trial in December. *See Jones v. Special Commitment Center*, 3:14-cv-5018-JRC (W.D. Wash.). However, *Jones* has been stayed and the December trial date has been stricken. *Id.*