UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICHARD ROY SCOTT,<br><br>                Plaintiff,<br><br>   v.<br><br>VAN HOOK,<br><br>                Defendant. | CASE NO. 3:16-CV-05785-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: January 6, 2017 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Richard Roy Scott filed a "Motion for TRO Medical Services" ("Motion") on December 7, 2016. Dkt. 24. The Court concludes Plaintiff is seeking injunctive relief on a matter unrelated to the Complaint. Accordingly, the Court recommends the Motion be denied.

**BACKGROUND**

Plaintiff, a civil detainee housed at the Special Commitment Center ("SCC"), filed a Complaint alleging his constitutional rights are being violated by Defendant Van Hook, the CEO of the SCC. Dkt. 3. Specifically, Plaintiff alleges he is being forced to live in inhumane

REPORT AND RECOMMENDATION - 1

1  conditions of confinement due to staff shortages, inadequate medical care, environmental
2  tobacco smoke, inadequate lighting, and an inadequate kitchen in violation of his Fourteenth
3  Amendment rights. *Id*.
4        In his Motion, Plaintiff seeks a Court order stating Defendant "may not house seriously
5  ill person (sic) at SCC" and requiring Defendant to remove seriously ill detainees from McNeil
6  Island within 30 days. Dkt. 24, p. 3.

## DISCUSSION

8        The purpose of preliminary injunctive relief is to preserve the status quo or prevent
9  irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix*
10 *Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction
11 must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable
12 harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4)
13 "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20,
14 (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a
15 preliminary injunction is proper if there are serious questions going to the merits; there is a
16 likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of
17 the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072
18 (9th Cir. 2012).
19       In a preliminary injunction, it is appropriate to grant "intermediate relief of the same
20 character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212,
21 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should
22 not issue an injunction when the relief sought is not of the same character and the injunction

REPORT AND RECOMMENDATION - 2

1   deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol.*
2   *Mines*, 325 U.S. at 220.

3   In the Motion, Plaintiff requests any person who is seriously ill be removed from the
4   SCC. Dkt. 24, pp. 2-3 (naming 20 individuals whom he presumably seeks to have removed). In
5   his Complaint, Plaintiff does not seek removal of ill individuals from the SCC or allege his rights
6   are being violated because he is housed with seriously ill detainees. *See* Dkt. 3. Additionally,
7   Plaintiff is not seeking to preserve the status quo of the case pending resolution of the underlying
8   claims. He is seeking a separate remedy unrelated to the allegations raised in his Complaint. *See*
9   Dkt. 3, 24. As the relief sought in the Motion is beyond the scope of the claims raised in his
10  Complaint, the Motion should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Med.*
11  *Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims
12  not pled in the complaint, the court does not have the authority to issue an injunction.").

## CONCLUSION

14  Plaintiff's Motion requests relief unrelated to the claims in the underlying lawsuit.
15  Accordingly, the undersigned recommends Plaintiff's Motion (Dkt. 24) be denied. Plaintiff has
16  also attached a document to the Motion entitled "Motion for TRO to be Heard on Shorten Notice
17  Note for ASAP." Dkt. 24-1. The Motion was noted for the same day it was filed; therefore, to the
18  extent Plaintiff is seeking relief in the "Motion for TRO to be Heard on Shorten Notice Note for
19  ASAP" (Dkt. 24-1), the Court denies this request as moot.

20  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
21  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
22  objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
23  objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time
24

1  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on January
2  6, 2017, as noted in the caption.
3      Dated this 21st day of December, 2016.

                                          David W. Christel
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 4