|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| RICHARD ROY SCOTT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>VAN HOOK,<br><br>　　　　　　Defendant. | CASE NO. 3:16-CV-05785-RBL-DWC<br><br>ORDER |

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Richard Roy Scott, a civil detainee proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action on September 6, 2016. *See* Dkt. 1. Currently before the Court are Plaintiff's "Mt to conduct Discovery Mt for Expert Funding Mt for Special Master or Standby Lawyer Request for Status Conference Mt to Consolidate (sic)" ("Motion for Miscellaneous Relief"), "Motion for Leave to conduct a non-stenographic Depositions of defendant Hook and/or Talbert (sic)" ("Motion to Conduct Deposition"), and a request for sanctions. Dkt. 36, 41, 42.

## I. Motion for Miscellaneous Relief (Dkt. 36)

In the Motion for Miscellaneous Relief, Plaintiff (1) requests a telephonic status conference and (2) moves to consolidate his case with two other cases presently pending in this Court. Dkt. 36.

First, Plaintiff states he would like a status conference to determine the status of his physical condition and because he may be unable to proceed with this case without standby counsel. *Id.* at p. 2. Plaintiff has not explained how a status conference will help determine the status of his physical condition. Further, Plaintiff is actively filing motions and documents in this case and does not appear to be unable to litigate this case due to his health. Plaintiff was also provided with an opportunity to be represented by Attorney Casey Arbenz on the contaminated water claims raised in the Complaint, but Plaintiff declined Mr. Arbenz's assistance. *See* Dkt. 11, 17. Plaintiff has not shown "exceptional circumstances" exist in this case which warrant the Court providing additional opportunities for court-appointed counsel. *See Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). Therefore, the Court does not find a status conference is necessary at this time.

Second, Plaintiff moves to consolidate his case with cases filed by Special Commitment Center residents, Bettys and Urlacker. *See* Dkt. 36, pp. 2-3. Plaintiff also references other cases which raise similar issues to those raised in his case. *See id.* (referencing cases which challenge exposure to contaminated potable water and environmental tobacco smoke). Under Local Rule 42(b), "[p]rior to filing a motion to consolidate, the parties must meet and confer and attempt to reach an agreement" regarding consolidation. Here, Plaintiff has not shown he met and conferred with Defendant regarding consolidation. *See* Dkt. 36. Therefore, Plaintiff's request to consolidate is denied.

In the caption of the Motion for Miscellaneous Relief, Plaintiff also states he is moving to conduct discovery and for expert funding and the appointment of a special master or standby lawyer. *See* Dkt. 36, p. 1. Plaintiff, however, fails to provide any explanation regarding the requested relief. Plaintiff must provide an adequate explanation for the relief he seeks and must provide sufficient factual information for the Court to consider his requests. As Plaintiff has not provided any facts regarding his requests to conduct discovery and for expert funding and the appointment of a special master or standby lawyer, the Court declines to consider the requested relief. Plaintiff may file new motions. Each request for relief should be filed in a separate motion and shall adequately explain the relief requested and the facts supporting the relief.

For the above stated reasons, Plaintiff's Motion for Miscellaneous Relief (Dkt. 36) is denied.

**II.     Motion to Conduct Deposition (Dkt. 42)**

On April 6, 2017, Plaintiff filed the Motion to Conduct Deposition, requesting the Court's permission to depose Defendant and/or his alleged successor, Sjan Talbert. Dkt. 42. Plaintiff is a vexatious litigator. The Court has entered several orders restricting Plaintiff's ability to file IFP actions in the Western District of Washington. *See* Dkt. 18-1 – 18-3. Pursuant to the April 2005 Case Management Order, "Plaintiff may not engage in discovery without leave of court. To obtain leave of court he must submit written discovery to the court for prior approval." *See* Dkt. 18-2, p. 4. Plaintiff has not submitted written deposition questions or provided any information regarding the information he intends to discover during the proposed deposition(s). *See* Dkt. 42. It is also not clear why Plaintiff would need to depose non-party Mr. Talbert. As Plaintiff has not provided adequate information for the Court to determine if deposing Defendant

1  and/or Mr. Talbert is necessary, Plaintiff's Motion to Conduct Deposition is denied without
2  prejudice.

3  **III.    Request for Sanctions (Dkt. 41)**

4  In Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for a Temporary
5  Restraining Order, Plaintiff requests sanctions. *See* Dkt 41. It is not clear who Plaintiff seeks to
6  have sanctioned. *See id.* (naming Assistant Attorney General Craig Mingay, the Honorable
7  Karen L. Strombom, and the Honorable Ronald B. Leighton). Further, Plaintiff has not alleged
8  facts which show sanctions are warranted in this case. *See* Fed. R. Civ. P. 11 (sanctions may be
9  warranted when an attorney or unrepresented party violates Rule 11(b)). Therefore, the Court
10 declines to impose Rule 11 sanctions at this time.

11 Dated this 25th day of April, 2017.

        /s/ David W. Christel
        David W. Christel
        United States Magistrate Judge