1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  RICHARD ROY SCOTT,

CASE NO. 3:16-CV-05785-RBL-DWC

11              Plaintiff,

ORDER STAYING THE CASE

12      v.

13  VAN HOOK,

14              Defendant.

15          The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate

16  Judge David W. Christel. In the Complaint, Plaintiff Richard Roy Scott alleges, in part, his

17  constitutional rights are being violated because he is forced to drink contaminated water at the

18  Special Commitment Center ("SCC"). Dkt. 3. The Court has reviewed Plaintiff's case and

19  determined this case shall be stayed in the interests of justice and judicial economy and

20  efficiency. Plaintiff's pending Motions (Dkt. 45, 49, 50) are denied without prejudice.

21          "A district court has discretionary power to stay proceedings in its own court under

22  *Landis v. North American Co.*" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)

23  (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)); *Ali v. Trump*, 2017 WL

24

1057645, at *3 (W.D. Wash. Mar. 17, 2017) ("Courts have the power to consider stays *sua sponte*."). "The power to stay a case is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Halliwell v. A-T Sols.*, 2014 WL 4472724, at *7 (S.D. Cal. Sept. 10, 2014) (quoting *Landis*, 299 U.S. at 254). The Ninth Circuit has held:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (internal citations omitted).

To determine if a stay is appropriate, the Court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court finds the interests of justice and judicial efficiency and economy warrant a stay in this case. In this Court, the claims of approximately 200 Plaintiffs alleging constitutional violations arising from the potable water at the SCC have been consolidated in a related case. *See Malone v. Strong*, 3:16-cv-5284-RBL-DWC ("Related Case"). An answer has not been filed in *Malone* and, therefore, a scheduling order has not been entered and discovery has not begun. In

the current case, a scheduling order has been entered and the discovery period is open. *See* Dkt. 21. The Related Case and the current case, which are similar in law and fact, are at different procedural postures, which may impact over 200 Plaintiffs. Further, Plaintiff has case management orders which restrict his ability to conduct discovery. If the Court stays Plaintiff's case pending the filing of a scheduling order in the Related Case, discovery can be addressed efficiently and economically for all claims arising from the potable water at the SCC. The Court can also direct that Plaintiff receive the necessary discovery without burdening the litigants or the Court.

For the above stated reasons, this entire matter is stayed pending further order from this Court. The Court anticipates the stay will be lifted when a pretrial scheduling order is entered in the Related Case. Motions will not be considered by the Court during the stay. Plaintiff's pending Motions (45, 49, 50), which relate to discovery, are denied without prejudice.

Dated this 9th day of May, 2017.

David W. Christel
United States Magistrate Judge