# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

RICHARD ROY SCOTT,

    Plaintiff,

v.

VAN HOOK,

    Defendant.

CASE NO. 3:16-cv-05785-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: November 17, 2017

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Richard Roy Scott filed a Motion for Temporary Restraining Order ("Motion") on September 25, 2017. Dkt. 75.[1] The Court concludes Plaintiff is seeking injunctive relief on a matter unrelated to the Complaint and seeking relief against a non-party. Accordingly, the Court recommends the Motion be denied.

---

[1] The Court notes there are two outstanding Motions for Summary Judgment. Dkts. 63, 76. The Court will analyze these motions in a separate report and recommendation.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

Plaintiff, a civil detainee housed at the Special Commitment Center ("SCC"), filed a Complaint alleging his constitutional rights are being violated by Defendant Van Hook, the CEO of the SCC. Dkt. 3. Specifically, Plaintiff alleges he is being forced to live in inhumane conditions of confinement due to staff shortages, inadequate medical care, environmental tobacco smoke, inadequate lighting, and an inadequate kitchen in violation of his Fourteenth Amendment rights. *Id*.

In his Motion, Plaintiff claims Non-party Dr. Hamill "personally retaliated against Scott and canceled his meals on wheels," understanding it would harm Plaintiff. Dkt. 75 at 1-2. He seeks "[w]hatever relief . . . the court feels is necessary, or would be effective," suggesting sanctions against Dr. Hamill. *Id*. at 2.

# DISCUSSION

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc*., 739 F.2d 1415, 1422 (9th Cir. 1984). "A plaintiff seeking a preliminary injunction must establish" (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008). The Ninth Circuit also allows for the "serious questions" variation of the test, where "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines*, 325 U.S. at 220.

In the Motion, Plaintiff requests sanctions or some other relief against non-party Dr. Hamill for retaliation when he allegedly withdrew Plaintiff's access to meals on wheels. Dkt. 75 at 1-2. In his Complaint, Plaintiff does not mention meals on wheels nor does he challenge his access to it. *See* Dkt. 3. Additionally, Plaintiff is not seeking to preserve the status quo of the case pending resolution of the underlying claims. He seeks to have the Court punish a Non-party for a perceived transgression. *See* Dkt. 3, 75. As the relief sought in the Motion is beyond the scope of the claims raised in his Complaint, the Motion should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Further, Plaintiff requests the Court order sanctions against Non-party Dr. Hamill. This Court cannot issue an order against an individual who is not a party to a suit pending before it. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100 (1969). To the extent Plaintiff is seeking a court order against Dr. Hamill, his motion should be denied.

**CONCLUSION**

Plaintiff's Motion requests relief unrelated to the claims in the underlying lawsuit and seeks an injunction against a non-party. Accordingly, the undersigned recommends Plaintiff's Motion (Dkt. 75) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on November 17, 2017, as noted in the caption.

Dated this 30th day of October, 2017.

David W. Christel
United States Magistrate Judge